**LAW OFFICE OF GEORGE J. ZWEIBEL**
45-3590A Mamane Street
Honokaa, Hawaii 96727
(808) 775-1087
(808) 775-1089 (facsimile)

May 7, 2009

<u>Sent by Certified Mail No. 7007 1490 0000 7968 5274</u>
<u>Return Receipt Requested</u>

Attn: Wholesale ROR
National City Bank
P.O. Box 1808
Miamisburg, OH 45401-1808

      Re:    Loan No. 0005386683
               Property Address: 15-1493 23rd Avenue, Keaau, Hawaii 96749

Dear Sir or Madam:

     I represent Annette Kuulei Agustin, George Bruno Agustin, and Jeffrey Kane Agustin in connection with the above loan transaction, which Annette Kuulei Agustin entered into with National City Mortgage a division of National City Bank ("National City Mortgage") on or around February 9, 2007. Please be advised that each of my clients hereby rescinds that transaction pursuant to Section 125 of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and Section 226.23 of Regulation Z, 12 C.F.R. § 226.23.

     Generally, in a consumer credit transaction in which a security interest is retained in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest has the right to rescind the transaction until midnight of the third business day following consummation, delivery of the required rescission notice (<u>see</u> 12 C.F.R. § 226.23(b)), or delivery of all "material disclosures," whichever occurs last. <u>See</u> 12 C.F.R. § 226.23(a)(3). However, if the required rescission notice or any material disclosure is not delivered, the right to rescind expires three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. 12 C.F.R. § 226.23(a)(3).

     In the subject transaction, more than one TILA violation extended my clients' right to rescind to three years. For example, the Notice of Right to Cancel given to Annette Agustin fails to correctly state the date of the transaction or the date on which the rescission period expired. It also appears that no Notice of Right to Cancel was given to George Bruno Agustin. And there appear to be other TILA disclosure violations. Under TILA, one violation is sufficient to extend

1



EXHIBIT "C"

a consumer's right to rescind to three years. Through this letter, each of my clients has exercised his or her extended right to rescind within the time permitted by TILA.

When a consumer rescinds a credit transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(1). Accordingly, the security interest National City Mortgage and any assignee previously held in the Agustin property is now void.

A creditor has 20 days after receipt of a notice of rescission to return to the consumer all money that has been given to anyone in connection with the transaction and to take any action necessary to reflect the termination of the security interest. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2). If National City Mortgage does not cancel the security interest and return all money paid by the borrower in connection with the subject loan transaction within 20 days, it will also be liable for actual and statutory damages, as well as costs and a reasonable attorney's fee. 15 U.S.C. § 1640(a).

Unfair or deceptive acts or practices ("UDAPs") in the conduct of any trade or commerce are unlawful under Hawaii law. H.R.S. § 480-2. Each UDAP violation may result in an award of damages equal to three times the damages sustained or $1,000, whichever is greater, plus attorneys' fees and costs. H.R.S. § 480-13(b). Moreover, a contract or agreement that involves a UDAP is void and unenforceable. H.R.S. § 480-12. The subject loan transaction involved a number of UDAPs. For example, prior to closing, Annette Agustin was led to believe there would be only one loan, when in fact the extension of credit was split into two loans. She was also misled regarding, among other things, the true cost and the risks of this loan. If necessary, my clients will seek damages and other relief for UDAP and other claims.

In connection with the Agustins' tender obligation, it is requested that National City Mortgage provide an itemized statement of the balance now owing on the loan, as well as a complete account history describing all payments and debits and showing the date and amount of each. It is also requested that National City Mortgage provide the name, address, and telephone number of the owner and of the master servicer of the obligation. This information must be provided upon request. See 15 U.S.C. § 1641(f)(2).

Sincerely,

George J. Zweibel
Attorney at Law

cc: Annette Kuulei Agustin
George Bruno Agustin
Jeffrey Kane Agustin

2